UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DONTRELL BRIGGS,

             Petitioner,

    -v-                                No.  16-CV-2981-LTS
                                        No.  S3-13-CR-271-LTS

UNITED STATES OF AMERICA,

             Respondent.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Petitioner Dontrell Briggs ("Petitioner" or "Briggs"), was convicted, upon a guilty plea, of conspiring to distribute and possess with the intent to distribute a quantity of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and, on September 15, 2015, was sentenced principally to a below-Guidelines custodial sentence of 96 months of imprisonment.  (See J., Docket Entry No. 452.) Petitioner now moves, pro se, pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

        The Court has reviewed thoroughly the parties' submissions in connection with Petitioner's 28 U.S.C. § 2255 motion (the "Petition"), construing Petitioner's arguments liberally to raise the strongest arguments that they suggest, Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  For the following reasons, the Petitioner's motion is denied in its entirety.

## BACKGROUND

        On February 20, 2014, Petitioner was charged in a ten-count Superseding Indictment captioned S3-13-Cr.-271 (the "S3 Indictment") with, inter alia, participating in a

criminal conspiracy to distribute and possess with the intent to distribute: (a) 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A); (b) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. § 841(b)(1)(A); and (c) 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B), from at least in or about February 2012, up to and including at least in or about February 2014, in violation of 21 U.S.C. § 846.  (The S3 Indictment, Docket Entry No. 113.)

Petitioner wrote to the Court in October 2014, complaining that he had been unable to reach his counsel and requesting a change of appointed counsel.  The Court scheduled a conference for November 17, 2014.  (See Docket Entry No. 258.)  At the scheduled conference, the Court heard Petitioner and counsel regarding the issues raised in the letter, addressed the communications issues, and denied the request for change of counsel.  (See Minute Entry for November 17, 2014; Mr. Briggs' letter and the relevant portion of the transcript have been filed under seal.)

On January 13, 2015, pursuant to a plea agreement, Petitioner pleaded guilty before Magistrate Judge Gabriel W. Gorenstein to a lesser-included offense of Count One of the S3 Indictment, admitting his participation in a conspiracy to distribute and possess with the intent to distribute a quantity of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.  (Change of Plea Hr'g Tr. ("Plea Hr'g Tr."), at 13, Docket Entry No. 306.)  This Court accepted the plea on February 6, 2015.  (Docket Entry No. 304.)

At his change of plea hearing, Petitioner represented that he understood his signed

plea agreement, and acknowledged that the charge carried maximum penalties of imprisonment of 20 years and a life term of supervised release, as well as a mandatory minimum term of supervised release of three years (Plea Hr'g Tr. at 5); that his stipulated Sentencing Guidelines range for a custodial sentence was 151 to 188 months of imprisonment ("Stipulated Guidelines Range") (id. at 8); and that the plea agreement provided that he would not file a direct appeal, nor bring a collateral challenge to his sentence pursuant to 28 U.S.C. §§ 2255 and/or 2241, if his sentence fell within or below the Stipulated Guidelines Range (id. at 9). The Government and Petitioner expressly stipulated, however, that the Petitioner reserved his rights to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise, in his plea agreement. (Plea Agreement, at 6.) At the change of plea hearing, the Petitioner also confirmed that he had accepted the plea agreement and decided to plead guilty because he did in fact commit the offense that was charged in Count One of the Superseding Indictment. (Plea Hr'g Tr. at 10.)

Prior to accepting Petitioner's guilty plea, Judge Gorenstein questioned Petitioner to satisfy himself that Petitioner was competent and was entering into the plea knowingly and voluntarily. Petitioner confirmed, inter alia, that: he had fully discussed his case with defense counsel, including the charges to which Petitioner intended to plead guilty (id. at 4); Petitioner was satisfied with defense counsel's representation of him (id.); Petitioner had read the plea agreement, and discussed it with defense counsel, who had explained all of its terms and conditions to him prior to the time Petitioner signed it (id. at 7-8); and Petitioner understood that he had the right to continue pleading not guilty and go to trial (id. at 6). Petitioner also confirmed that he understood that a decision as to the appropriate sentence would be entirely up to the sentencing Court and that, even if the Petitioner was surprised or disappointed by his

sentence, he would still be bound by his guilty plea.  (Id. at 7.)

Following Petitioner's guilty plea, the Probation Department prepared a Pre-Sentence Report ("PSR"), dated April 3, 2015, which computed a Guidelines range consistent with the Stipulated Guidelines Range.

On September 15, 2015, the Petitioner was sentenced by the Court.  After the Government, the defense, and the Petitioner himself offered statements regarding the Petitioner's involvement in the criminal conduct at issue and his criminal history as detailed in the PSR (Sentencing Hr'g Tr., at 10-21, 24-46, Docket Entry No. 469), and the Petitioner's mother had spoken about his conduct during a specific period of time (id. at 21-24), the Court adopted the factual recitation set forth in the PSR with a change that had been discussed on the record regarding the Petitioner's substance abuse history, and the Court confirmed that it would take into account the contextual information that had been provided at the hearing in considering the Petitioner's criminal history (id. at 49).  The Court concluded that the applicable Guideline offense level was 29 and the applicable criminal history category was VI, and that the advisory Guidelines range for a custodial sentence was from 151 to 188 months of imprisonment, and advised the parties that the Court had used the November 2014 edition of the Sentencing Guidelines manual in making those determinations.  (Id. at 49-50.)  The Court found that no departure within the Guidelines system was warranted by the facts of the Petitioner's case.  (Id. at 50.)  The Court further found that the Career Offender Guideline was applicable, but determined that a variance from the Career Offender Guideline was warranted in Petitioner's case.  (Id. at 53-54.)  The Court considered all the factors under 18 U.S.C. § 3553(a), and imposed a sentence of 96 months of imprisonment, to be followed by seven years of supervised release.  (Id. at 50-55.)

Following the entry of judgment, the Court issued an order on January 21, 2016, stating that the Court had received correspondence from the Petitioner, which the Court deemed a motion for modification of sentence pursuant to 18 U.S.C. § 3582, and that the Petitioner sought a two-offense-level reduction pursuant to Amendment 782 of the Sentencing Guidelines in the computation underlying his narcotics-related sentence.  (Docket Entry No. 528.)  The Court denied the motion because the Court had relied upon the November 1, 2014, Guidelines manual in determining the Petitioner's sentence, such that the Petitioner had already benefitted from the offense-level reduction put in place by Amendment 782.  Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on April 18, 2016.

DISCUSSION

A petitioner may prevail on a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 if he can show that his sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was entered by a court without jurisdiction to impose the sentence; (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack.  The grounds for relief under Section 2255 are limited, out of "respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place."  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).

Petitioner's motion consists principally of citations of authorities for various substantive and procedural principles of federal criminal law, ranging from grounds for attacking indictments to the impact of the Fair Sentencing Act of 2010.  As previously noted, Petitioner's plea agreement included a waiver of the right to appeal or collaterally attack a custodial sentence of 188 or fewer months; Petitioner was sentenced to 96 months of imprisonment.  The motion

includes, however, assertions and recitations of legal principles relating to ineffective assistance of counsel, a ground for collateral attack that was expressly excluded from the waiver provision of the plea agreement.  Consistent with the mandate to construe the Petitioner's pro se submission liberally and as raising the strongest arguments it suggests, the Court has considered Petitioner's motion as one invoking ineffective assistance of counsel as the principal ground of argument.

The Court, accordingly, construes the Petition to allege, inter alia, that defense counsel failed to provide effective assistance in connection with his guilty plea because defense counsel did not:  (1) challenge the "drug quantity and quality of drugs in conjunction with [the Petitioner's] plea agreement;" (2) investigate Petitioner's "case or call defense witnesses or file suppression motions to allow [Petitioner] an opportunity to review any and all investigative material in a timely fashion;" (3) prepare a "pretrial investigation" by going to the "scene of the crime" and locating "potential witnesses;" (4) file "an appeal even though [the] [P]etitioner asked" counsel "to do so;" (5) subject the Government's "case to an adversarial testing;" (6) challenge the "sufficiency of evidence to convict [the Petitioner] in conjunction with his role in the conspiracy and what was attributable to him;" (7) challenge "uncorroborated testimony [statements] from [G]overnment witnesses or locate and visit with defense witnesses;" (8) challenge perjured "testimony from co-defendant who lied about his participation in [the] drug conspiracy;" (9) "dismiss or quash [the] indictment based on [a] lack of probable cause for Petitioner['s] arrest or his role in said indictment and conspiracy when over 2 to 3 year period, [Petitioner] was seen in having a minor role if any in said drug conspiracy and only being viewed on several [occasions] and never in the presence of said co-conspirators;" and (10) "challenge drug quantity and quality by and through independent testing and analysis."  (Pet'r

Mem. at 7-10.)  Petitioner also alleges that the Petitioner's counsel threatened "to withdraw if [P]etitioner did not take a plea," and "Petitioner wrote the [C]ourt and yet the [C]ourt never investigated his issues or had an evidentiary hearing to resolve the matter," thus "expos[ing] [P]etitioner to an 8th Amendment violation of cruel and unusual punishment and harsher punishment;" and because the Petitioner's counsel "conced[ed] factual issues in dispute and such conduct failed to hold the [G]overnment to its burden of persuading the jury that [P]etitioner is guilty."  (Id.)

Petitioner proffers no further facts regarding alleged misconduct in his case in connection with any of these assertions, which are generally presented as statements that such conduct is violative of rights and followed by citations to Supreme Court or other judicial decisions.  Indeed, Petitioner devotes three paragraphs to assertions regarding the impact of the Fair Sentencing Act of 2010 on sentences for crack-cocaine, while Petitioner's conviction was for conspiracy to traffic in heroin.  (See Petition, at 6 of 11.)  Similarly, the Petition includes assertions regarding the impropriety of failure to challenge "uncorroborated testimony statements from government witnesses" and "perjured testimony from [a] co-defendant" (id. at 9 of 11), even though no evidentiary proceedings were held in connection with the charges against Petitioner who, as noted above, pleaded guilty to a lesser included offense, specifically admitting that his crime involved heroin.

To prevail on an ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) Petitioner was prejudiced as a result of counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 688-94 (1984).  In determining whether counsel's performance was deficient, "the court must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-89.

In the context of alleged ineffective assistance of counsel rendered in connection with a plea, "[t]he second, or prejudice, requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process . . . . [T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.") After "having waived his right to appeal any sentence within or below the Guidelines range, [a defendant] may not do an end-run around his plea agreement[] on the ground of ineffective assistance" of counsel. U.S. v. Williams, 448 Fed. App'x. 156, 157 (2d Cir. 2012).

Petitioner has not made the showing required by Strickland. Crucially, he has not alleged that he would have rejected the plea offer but for the alleged errors of counsel. Nor has he proffered any facts specific to his case or his interactions with counsel from which a rational inference could be drawn that counsel's conduct fell outside of the wide range of reasonable professional performance. He has thus failed to sustain his burden under both prongs of the Strickland test.

Indeed, Petitioner expressly confirmed, under oath at his plea hearing, that he was satisfied with defense counsel's representation. (Plea Hr'g Tr. at 4.) At that same hearing, the Petitioner acknowledged that he waived his right to appeal or bring a collateral challenge to any

sentence within the Stipulated Guidelines Range in his plea agreement, and affirmed that he understood the agreement.  (Id. at 9.)  Having waived his right to appeal his sentence of 96 months of imprisonment, which is well below the Stipulated Guidelines Range, the Petitioner may not now "do an end-run around his plea agreement on the ground of ineffective assistance" of counsel.  See Williams, 448 Fed. App'x at 157.

        The Petition includes an assertion that "Counsel ineffective for not filing an appeal even though petitioner asked the lawyer to do so."  (Petition, at 8 of 11 (citing Elcock v. Henderson, 947 F.2d 1004 (2d Cir. 1991); Evitts v. Lucey, 469 U.S. 387 (1985)).)  The cited cases deal with a defendant's right to have the effective assistance of counsel in prosecuting an appeal as of right.  Because the unsworn Petition addresses legal issues, like the crack cocaine guidelines and the credibility of sworn testimony, that are not factually implicated in Petitioner's case, it is unclear whether Petitioner alleges that he actually asked his attorney to file an appeal in this case.  Failure to file an appeal upon request is per se ineffective assistance of counsel. See Campusano v. United States, 442 F.3d 770, 773-75 (2d Cir. 2006) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)).  The Court will give Petitioner an opportunity to file an affidavit detailing any such request, including the date of the request and the manner of the request.  If Petitioner does so in a timely manner, the Court may entertain further proceedings with respect to that aspect of the Petition.

        The Petition also asserts:

> Counsel ineffective for threatening to withdraw if petitioner didn't take a plea. Petitioner made specific allegations concerning conflict of interest when he requested counsel to investigate his case and counsel refused.  Petitioner wrote the court and yet the court never investigated his issues or had an evidentiary hearing to resolve the matter.  This exposed petitioner to an 8th Amendment violation of cruel and unusual punishment and harsher punishment.

(Petition, at 8 of 11 (citing <u>Strickland</u>, 466 U.S. at 668; <u>United States v. Davis</u>, 239 F.3d 283,

287 (2d Cir. 2001) (counsel refused to file pre-trial motions or investigate petitioner's case).)

Petitioner again fails to assert that he would not have entered a guilty plea but for the alleged

conduct complained of.  His implication that there was an untoward threat is also entirely

inconsistent with his specific sworn testimony at his plea allocution that he was satisfied with

counsel and that his plea was voluntary and uncoerced.  He has thus failed to make the showing

required by <u>Strickland</u> insofar as he contends he received ineffective assistance of counsel.

Nor, even if he had not waived his right to bring collateral challenges to

substantive aspects of his case, would his Eighth Amendment argument have any merit.

The "Eighth Amendment, which forbids cruel and unusual punishments . . .

prohibits only the imposition of a sentence that is 'grossly disproportionate to the severity of the

crime.'" <u>Fisher v. Superintendent</u>, No. 12-CV-06703-JPO-SN, 2014 WL 128015, at *13

(S.D.N.Y. Jan. 14, 2014) (quoting <u>Rummel v. Estelle</u>, 445 U.S. 263, 271 (1980) (internal citation

omitted)).  Petitioner's sentence, imposed by this Court, was well below the Stipulated

Guidelines Range, and thus his punishment is not "grossly disproportionate to the severity of"

his crime.  <u>See</u> <u>Fisher</u>, 2014 WL 128015, at *13.  The Petitioner thus cannot demonstrate that he

suffered a deprivation of his constitutional rights with respect to the punishment imposed for his

admitted criminal conduct, by reason of any ineffective assistance of  counsel prior to and

through the time of his guilty plea.

<u>Petitioner's Remaining Claims are Waived</u>

Petitioner's remaining assertions are also inconsistent with the record or unduly

vague, and, in any event, are waived under his plea agreement.  Contrary to Petitioner's

assertions here, his pre-plea complaint to the Court regarding counsel raised no issues regarding

investigation but, rather, had to do with his ability to communicate with counsel, a matter that was addressed at the hearing that was promptly called by the Court.  (See Docket Entry No. 258.)  Letters sent to the Court following his sentencing addressed requests for case-related documentation and his contention that the sentence imposed on him was unduly harsh.  (See Docket Entry Nos. 794, 795, and 528.)

Waivers contained within plea agreements are presumptively enforceable, except in "very limited situations," "such as when the waiver[s] [were] not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence."  U.S. v. Aravelo, 628 F.3d 93, 98 (2d Cir. 2010) (internal quotation marks and citation omitted).  Although actual ineffective assistance of counsel in connection with a plea could cast doubt on the validity of a waiver, Petitioner has made no such showing here, as discussed above.  See U.S. v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004) (rejecting notion that a waiver becomes unenforceable simply because a defendant "claims" ineffective assistance of counsel in connection with entering the plea agreement); see also U.S. v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver provision would be rendered meaningless.").

Petitioner will, however, be given an opportunity to pursue his contention regarding counsel's failure to file an appeal in response to his request by supplementing his Petition with an affidavit detailing the timing and manner of the alleged request.

Petitioner has not overcome the presumption that his waiver of the right to

challenge any sentence within or below the Stipulated Guidelines Range is valid.  He has not demonstrated that he was denied effective assistance of counsel in connection with his plea, nor has he demonstrated that his plea proceeding was defective in any other way.  Furthermore, the record is clear that Petitioner knowingly waived his right to challenge the sentence that was imposed on him if he was sentenced to 188 or fewer months of imprisonment.  Petitioner was sentenced to 96 months of imprisonment.  The waiver provision of his plea agreement thus precludes his remaining claims.

CONCLUSION

Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied in its entirety. Because Petitioner has not raised meritorious claims, the Court also denies Petitioner's request for an evidentiary hearing to address the issues raised in Petitioner's motion.

Petitioner may, however, seek to pursue his claim regarding ineffective assistance with regard to the filing of an appeal by filing an affidavit to supplement his Petition in this regard.  Any such affidavit must be filed by **February 28, 2017,** and must detail the request that was made to counsel, and the timing and manner of the request.  If Petitioner fails to file such an affidavit in a timely manner, judgment dismissing the entire Petition with prejudice will be entered.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.S. § 2253(c)(1) (Lexis 2008).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2) (Lexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealabilty).  The Court finds that Petitioner will not be able to sustain this burden.  The Court declines to issue a

certificate of appealability.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith.  See Coppedge v. United

States, 369 U.S. 438, 444 (1962).

                SO ORDERED.

Dated: New York, New York
       January 27, 2017

                                   /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  United States District Judge

A copy of this Memorandum Opinion and Order has been mailed to:

Mr. Dontrell Briggs
# 69933-054
U.S. Penitentiary - Allenwood
P.O. Box 3000
White Deer, PA 17887